IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **MICHAEL PHILLIPS,** <br><br> **Plaintiff, on behalf of himself and others similarly situated;** <br><br> **v.** <br><br> **SEADRILL AMERICAS INC.,** <br><br> **Defendant.** | Civil Action No. 4:22-cv-03676 <br><br><br> **Jury Trial Demanded** |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE:

Michael Phillips, ("Phillips" or "Plaintiff"), on behalf of himself and others similarly situated; by and through his attorney of record, hereby complains of Seadrill Americas Inc. ("Defendant"), and respectfully shows this Honorable Court:

1. INTRODUCTION

1.1 This is an age and religion discrimination suit arising under the Age Discrimination in Employment Act ("ADEA" or the "Act"); Title VII of the Civil Rights Act of 1964, *et. al.*, as amended; inclusive of Religious Discrimination under Federal and State Law; and Chapter 21 of the Texas Labor Code.

1.2 This is a class religion discrimination suit arising under the Age Discrimination in Employment Act ("ADEA" or the "Act"); Title VII of the Civil Rights Act of 1964, *et.*

*al.*, as amended; inclusive of Religious Discrimination under Federal and State Law; and Chapter 21 of the Texas Labor Code, under Federal Class Action Law.

1.3   This is a class discrimination suit sounding in Concurrent Federal Jurisdiction under Texas State Law, and arising under Texas Executive Order EA-40, to be heard concurrently or transferred as appropriate for simultaneous jurisdiction in Texas State Court.  Plaintiff files herein sounding in collateral and related matters, but reserves the right to sever claims should the federal court deign to hold concurrent matters under both federal and state jurisdiction, under State and supplemental jurisdiction under Federal Class Action Laws.

1.4   This action seeks back pay, front pay, actual damages, compensatory damages, punitive damages, consequential damages, expert witness fees, court costs, attorney's fees, and pre-judgment and post-judgment interest.

## 2.   PARTIES AND PERSONAL JURISDICTION

2.1   Plaintiff Michael Phillips is a resident of the Southern District of Texas.  At all relevant times, Phillips was employed by Defendant out of the Southern District of Texas.

2.2.   Defendant Seadrill America Inc. is a domestic corporation registered to do business in the Southern District of Texas and the State of Texas for profit.  Defendant may be served with process by serving its registered agent, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

## 3.   VENUE

3.1   Venue is proper in this District because Defendant's acts and omissions that give rise to Plaintiff's discrimination claims were committed in whole or in part in the Southern District of Texas and the State of Texas.

3.2    This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343 and 1367.

## 4. PROCEDURAL REQUISITES

4.1    Plaintiff has exhausted all administrative prerequisites to the filing of this suit.

## 5. FACTS

5.1    I was terminated for age, my religious beliefs, and my refusal not to be vaccinated. I was not terminated for the unexpected loss of Seadrill contracts, as alleged, based on their continued funding of said contracts. Jason Stephens, the newly appointed Senior E.T said in front of me, Greg, Paul, Baker, the newly appointed Senior E. T. and Chris Eichelberger, a new hire Electrician, that Jason Stevens in his first week as Senior ET made discriminatory comments that were witnessed and applied to myself and several others similarly situated.

5.2    I was not invited back to the ship after that hitch. Jason Stephens comment was also considered a hostile statement. Seadrill did not offer me any money or insurance. I got no benefits from Seadrill at any time after their initial 30 days unpaid leave. Danny Roberts, the tool pusher, questioned me about my age (60) and made broke hip comments and jokes causing a hostile work environment. David Gray through a fit on the Drill Floor about service hands working on the drill string being 60 years of age, he was creating a hostile work environment, but he was not disciplined. Jason Stevens in his first week as Senior ET made the Comment its ok to let the old ones go since they're going out anyway.

5.3    I was fired December 16, 2021 for Refusing to take the Covid vaccination from Seadrill.

5.4    I made objections based on my religion beliefs regarding the origin and use of the vaccine.

5.5   Others like me were similarly discriminated against and terminated for similar reasons.

### 6. AGE DISCRIMINATION UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT AND CHAPTER 21 OF THE TEXAS LABOR CODE

6.1   Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

6.2   Plaintiff was discriminated against and terminated against based on his age, in violation of the ADEA and Chapter 21 of the Texas Labor Code.

6.3   Defendant intentionally engaged in the aforementioned practices of age discrimination made unlawful under the above named statutes.

6.4   Plaintiff has suffered damages as a result of the discrimination and his illegal termination, and seeks all relief allowed by law.

### 7. RELIGION DISCRIMINATION UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT AND CHAPTER 21 OF THE TEXAS LABOR CODE

7.1   Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

7.2   Plaintiff has a disability as that term is defined under Title VII and RFRA and Chapter 21 of the Texas Labor Code.

7.3   Plaintiff has expressed religion objection to the vaccine requirement. Plaintiff was able to perform his job with or without a reasonable accommodation to the requirement.

7.4   Defendants discriminated against Plaintiff and terminated him because of his religions objection, in violation of Title VII and RFRA and Chapter 21 of the Texas Labor Code.

7.5   Plaintiff has suffered damages as a result of the discrimination and his illegal termination, and seeks all relief allowed by law.

### 8. THIRD CAUSE OF ACTION: EXEC. ORDER GA-40

8.1 This case also reserves further causes of action under the TWC, TCHRA, the EEOC, and Title VII (to the extent that federal con-correndent jurisdiction pends, this action resides in State law claims only).

8.2 Greg Abbott, Governor of Texas, by virtue of the power and authority vested by the Constitution and laws of the State of Texas, did hereby order on Oct. 11, 2021, that:

a. No entity in Texas can compel receipt of a COVID-19 vaccine by any individual, including an employee or a consumer, who objects to such vaccination for any reason of personal conscience, based on a religious belief, or for medical reasons, including prior recovery from COVID-19.

b. I hereby suspend all relevant statutes to the extent necessary to enforce this prohibition.

c. The maximum fine allowed under Section 4 1 8. 173 of the Texas Government Code and the State's emergency management plan shall apply to any "failure to comply with" this executive order. Confinement in jail is not an available penalty for violating this executive order.

d. This executive order shall supersede any conflicting order issued by local officials in response to the COVID-19 disaster. Pursuant to Section 418.016(a) of the Texas Government Code, I hereby suspend Sections 418.1015(b) and 418.108 of the Texas Government Code, Chapter 8.1, Subchapter E of the Texas Health and Safety Code, and any other relevant statutes, to the extent necessary to ensure that local officials do not impose restrictions in response to the COVID-19 disaster that are inconsistent with this executive order the following on a statewide basis effective immediately

8.3  Plaintiff alleges that Defendant has violated and is liable for all damages under law pursuant to EO-40.

8.4  Plaintiff has exhausted all administrative prerequisites to the filing of this suit as required by law.

8.5  This Action proceeds under and in effect and in full force of the law, unless it is modified, amended, rescinded, or superseded by the governor.

### 9. FOURTH CAUSE OF ACTION: CLASS UNDER FEDERAL RULE 23

9.1  Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

9.2  Plaintiff hereby files the above and below under Rule 23 of the Federal Rules of Civil Procedure.

Plaintiff alleges:

(1)  the class is so numerous that joinder of all members is impracticable;

(2)  there are questions of law or fact common to the class;

(3)  the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4)  the representative parties will fairly and adequately protect the interests of the class.

9.3  Plaintiff maintains that Rule 23(a) is satisfied and:

(1)  prosecuting separate actions by or against individual class members would create a risk of:

(A)  inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

      (B)    adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

  (2)    the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

  (3)    the court should find that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

9.4    The Court should find that the matters pertinent to these findings include:

  (A)    the class members' interests in individually controlling the prosecution or defense of separate actions;

  (B)    the extent and nature of any litigation concerning the controversy already begun by or against class members;

  (C)    the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

  (D)    the likely difficulties in managing a class action.

9.5    This Court should issue a Certification Order as to the Above.

## 10. JURY DEMAND

10.1    Plaintiff timely requested a jury trial.

## 11. PRAYER

11.1   Plaintiff respectfully prays for the following relief:

(a)   Judgment against Defendant for actual damages sustained by Plaintiff as alleged herein, including actual damages, special damages, compensatory damages, lost wages, emotional damages, punitive damages, lost benefits, pre-judgment and post-judgment interest, and any other damages as allowed by law;

(b)   Attorney's fees, costs, and expenses, as permitted by law;

(c)   Damages, Attorney's fees, costs, and expenses, sustained by the class of similarly situated, as permitted by law;

(d)   Such other and further relief, at law or in equity, general or special, to which Plaintiff may show himself justly entitled.


Respectfully submitted,

SHELLIST LAZARZ SLOBIN LLP

*/s/ Sidd Rao*
Mark G. Lazarz
State Bar No. 12069100
mlazarz@eeoc.net
Sidd Rao
State Bar No. 24065947
srao@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
(713) 621-2277 (Tel)
(713) 621-0993 (Fax)

ATTORNEYS FOR PLAINTIFF